**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:17-CV-_____

| | |
|---|---|
| STEVEN M. GROVA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CITY OF CORAL SPRINGS, and | ) |
| MICHAEL SAVASTA, Individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

**PLAINTIFF**, **STEVEN M. GROVA,** by and through his counsel, Michael Lapat and the Law Offices of Michael Lapat, and as and for his **COMPLAINT** against **DEFENDANT CITY OF CORAL SPRINGS**, and against **DEFENDANT MICHAEL SAVASTA, Individually,** alleges as follows:

### I.  INTRODUCTION

1.      This is an action brought by **PLAINTIFF**, **STEVEN M. GROVA** [hereafter "Grova" and/or "Plaintiff"], a 52-year old Coral Springs resident, to, *inter alia*, vindicate the deprivation of his constitutional rights by **DEFENDANT CITY OF CORAL SPRINGS** as well as through its employees, the Coral Springs Police Department [hereafter "CSPD"] and its Officers, including but not limited to **DEFENDANT MICHAEL SAVASTA** [hereafter "Savasta" and/or "Officer Savasta" and/or "Defendant Savasta"].

2.      On January 18, 2013, the Plaintiff's Recreational Vehicle ["RV"] was intentionally set on fire and burned to a total loss.

3.      As incontrovertible records prove, Plaintiff was nearly two hours away when the fire started; as additional incontrovertible records prove, he had neither an opportunity nor financial motive to set such fire.

4.      The fire was investigated by both the CSPD and the Coral Springs Fire Department; however, the entire scene and investigation were under the direction and control of the CSPD and Officer Savasta.

5.      On January 22, 2013, Plaintiff made a claim with his insurance carrier, American Security Insurance Company [hereafter "Insurance Company" and/or "ASIC"], for the damages to the RV caused by the fire and by fire suppression efforts.

6. On September 11, 2013, by and through its agent, ASIC submitted an affidavit to the CSPD attesting to its willingness to prosecute Grova for insurance fraud. (Affidavit of Edward Romack, insurance adjuster representing ASIC, sworn and subscribed on September 11, 2013 [hereafter "the Instigation Affidavit"].)

7. On September 11, 2013, primarily as a result of the Instigation Affidavit and ASIC's actions, CSPD Officer Michael Savasta completed his Probable Cause Affidavit [hereafter "P/C Affidavit"], obtained approval by his CSPD Supervisor and/or other City of Coral Springs agent for such P/C Affidavit, causing Grova to be handcuffed, arrested, and jailed overnight by the CSPD on charges of felony-level crimes associated with the RV fire and insurance claim.

8. On September 29, 2014, Grova's insurance claim was denied.

9. On October 5, 2015, the Florida State Attorney dismissed all charges against Grova.

## II. THE PARTIES

10. **PLAINTIFF STEVEN M. GROVA,** at and was at all times relevant, a resident of the City of Coral Springs, Broward County, Florida, a citizen of the State of Florida, over the age of eighteen, and sui juris.

11. **DEFENDANT CITY OF CORAL SPRINGS** [hereafter "the City" and/or "City of Coral Springs"] at all times relevant, is a municipal corporation duly existing by reason of and pursuant to the laws of the State of Florida, and, as such, is a citizen of the State of Florida.

12. **DEFENDANT OFFICER MICHAEL SAVASTA** [hereafter "Savasta" and/or "Officer Savasta" and/or "Defendant Savasta"], who is sued personally and in his individual capacity, at all times relevant was a police officer employed by the City of Coral Springs through the Coral Springs Police Department, and, upon information and belief, is a resident of the City of Coral Springs, Broward County, Florida, and a citizen of the State of Florida.

13. At all times relevant, Officer Savasta's conduct, actions, and inactions, and the conduct, actions, and inactions of all other CSPD Officers and the CSPD, was approved, authorized, and/or ratified by **DEFENDANT CITY OF CORAL SPRINGS**.

## III. JURISDICTION AND VENUE

14. This civil action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. § 1331, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367(a), the Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Plaintiff resides in this District, **DEFENDANT MICHAEL SAVASTA** resides in this District, all Defendants are residents of the State in which this District is located, a substantial part of the events or omissions giving rise to the claim occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and the Defendants are subject to the Court's personal jurisdiction with respect to such action.

### IV.  PRE-SUIT NOTIFICATION

16. Timely written notice of Plaintiff's claims have been given to Defendant City of Coral Springs, to Defendant Coral Springs Police Department, and to Florida's Department of Financial Services in accordance with and pursuant to Florida Statute § 768.28.

17. Defendant **CORAL SPRINGS CITY COMMISSION** [hereafter "City of Coral Springs" and/or "Defendant"], **Defendant City of Coral Springs** never made a final disposition of the written notice of Plaintiff's claims within six (6) months of presentation.

18. The **CORAL SPRINGS POLICE DEPARTMENT** never made a final disposition of the written notice of Plaintiff's claims within six (6) months of presentation.

19. Florida's Department of Financial Services never made a final disposition of the written notice of Plaintiff's claims within six (6) months of presentation.

20. All requirements and conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statute § 768.28(6)(a) thru (d).

### V.  STATEMENT OF FACTS RELEVANT TO ALL COUNTS

21. Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

### A.  THE RV

22. At all times relevant, Grova was the registered owner of a 2006 Forest River Charleston Recreational Vehicle, Serial Number 4UZAB2DC25CV87477 [hereafter "RV" and/or "the vehicle"].

23. On or about September 26, 2006, Grova purchased the RV in 2006 from "Lazydays RV" in Seffner, Florida.

24. Grova financed the RV purchase with a loan from Wachovia Bank; his Loan payments were $1088.00 per month [hereafter "Loan Contract"].

25. The RV was insured with American Security Insurance Company for fire loss under Recreational Vehicle Policy Number GRV006690-07.

26. Grova had maintained a policy of insurance with ASIC since 2006 and, in those seven (7) years of paying premiums, Grova never made a claim with ASIC until the January 18, 2013, fire incident.

27. When he was not using it, Plaintiff stored the RV at Garnett Storage in Coral Springs, Florida for $125.00 per month.

28. Plaintiff stored the RV at Garnett since 2006, when he bought it.

29. At all times relevant, Plaintiff owned and operated a vehicle repair facility, "Grova Auto Repair, Inc." located at 10934 Wiles Road, Coral Springs, FL 33076 [hereafter "vehicle repair shop"], where he, himself, worked as a mechanic.

30. Mid-January 2013, Plaintiff moved the RV from the Garnett Storage facility to his vehicle repair shop so that he could get it completely operational in time for his family trip to Disney RV Resort for his daughter's February 1, 2013, fifth birthday [hereafter "Family Trip"].

31. On January 18, 2013, both the Coral Springs Fire Department ["CSFD"] and the Coral Springs Police Department responded to a 911 call and found the RV ablaze at Plaintiff's repair shop. Although the CSFD extinguished the fire, the RV sustained severe flame and smoke damage such that it was a total loss ["the fire"].

32. The CSPD investigated the fire and was in control and in charge of both the scene of the fire and the investigation at all times.

33. Officer Savasta was among the first of the CSPD to arrive at the fire.

34. At the time of the 911 call, Grova was in Port St. Lucie, Florida at his second home, with his wife and four children

35. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

36. Grova left the area of the RV's location (i.e., 10934 Wiles Road), at approximately 6:00 p.m. on January 18, 2013, with his wife and four children, en route to their second home in Port St. Lucie via the Florida Turnpike.

37. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

38. Grova produced Sunpass receipts, as well as provided an authorization to ASIC to directly obtain his Sunpass records which ASIC shared with the CSPD and Officer Savasta, verifying his presence on the Florida Turnpike at times consistent with vehicle travel from Coral

-4-

Springs, Florida to Port St. Lucie, Florida on January 18, 2013, with a departure at approximately 6:00 p.m.

39. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to what the Sunpass receipts established.

40. Grova produced credit card receipts, as well as provided an authorization to ASIC to directly obtain his credit card records which ASIC shared with the CSPD and Officer Savasta, verifying his purchase of a family dinner at an Italian restaurant in Port St. Lucie at a time on January 18, 2013, consistent with vehicle travel from Coral Springs, Florida to Port St. Lucie, Florida on January 18, 2013, with a departure at approximately 6:00 p.m.

41. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to what the credit card receipts established.

42. Grova produced cellular phone records to CSPD and Officer Savasta, as well as provided an authorization to ASIC to directly obtain his cellular phone records which ASIC shared with the CSPD and Officer Savasta, which corroborate his whereabouts on January 18, 2013.

43. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to what the cellular phone records established.

44. That Grova produced financial records to CSPD and Officer Savasta, as well as provided an authorization to ASIC to directly obtain his financial records which ASIC shared with the CSPD and Officer Savasta, which established that Grova's finances were in good order at the time of the fire.

45. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

46. Grova produced records to CSPD and Officer Savasta, as well as provided an authorization to ASIC to directly obtain such records which ASIC shared with the CSPD and Officer Savasta, which corroborated that he had a pre-existing reservation at the Tropical Palms Resort and Campground in Kissimmee for on or about February 1, 2013, which had been made before the fire.

47. That at no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to what the Tropical Palms records showed.

48. At the time of the fire, the Plaintiff was in full and complete payment of all Loan payments on the RV, as he had been throughout the seven (7) years since he financed it.

49. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

50. At the time of the fire, the Plaintiff was in full and complete payment of all insurance premium payments on the RV, as he had been throughout the seven (7) years since he bought it.

51. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

52. At the time of the fire, the Plaintiff was in full and complete payment of all storage fees for the RV, as he had been throughout the seven (7) years since he bought it.

53. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

54. At the time of the fire, the Plaintiff was in full and complete payment of all reservation fees for the Family Trip.

55. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

56. Grova was not having financial difficulties before the fire.

57. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

58. Evidence produced in the course of the CSPD and Officer Savasta investigation was that:

> (a) the Enviro-Log determined to be the origin of the fire has a three hour maximum burn time;
> (b) the Enviro-Log determined to be the origin of the fire was only partially burned;
> (c) Grova departed from Coral Springs at approximately 6:00 p.m. en route to Port St. Lucie; and
> (d) the fire was reported at approximately 10:10 p.m.

therefore it was impossible for Grova to have been the individual to ignite the Enviro-Log opined by the CSFD to be the fire origin.

59. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence contrary to the assertion(s) contained in the preceding Paragraph.

60. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence that Grova had a motive to set the fire.

-6-

61. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence that Grova had an opportunity to set the fire.

62. At no time before Grova's arrest did the CSPD or Officer Savasta adduce any evidence that Grova had set the fire.

63. The Plaintiff has retained Attorney Michael Lapat and the Law Offices of Michael Lapat to represent him in this action against the Defendant Insurance Company and has agreed to pay a reasonable fee for their services and for expert fees incurred as part of such representation. The City of Coral Springs is responsible for Plaintiff's attorney's fees and costs, including expert fees, pursuant to, *inter alia*, 42 U.S.C. § 1988.

64. The Defendants were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, and/or practice in their actions pertaining to Plaintiff.

65. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

66. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequella, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988.

67. Plaintiff is also entitled to pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

68. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, and/or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### B. PROBABLE CAUSE WAS NEVER ESTABLISHED THUS THERE WAS NO LEGITIMATE BASIS TO ARREST GROVA

69. Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

70. On January 24, 2013, in relation to the RV fire, the CSFD labeled Grova a "victim."

71. In the years both before and after the January 18, 2013, RV fire, and in the geographical area of the RV fire, the Coral Springs Police Department has responded to 911 reports of vandalism and malicious mischief and never found the perpetrator.

72. At no time before Grova's arrest did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, talk to, interview, or otherwise communicate with 911-Caller Dobben, aside from taking the 911 call itself.

73. At no time before Grova's arrest did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, talk to, interview, or otherwise communicate with the owner or any representative of the establishment located adjacent to Grova Auto Service Repair, Inc. about the existence or possible existence of surveillance video.

74. At no time before Grova's arrest did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, attempt to talk to, interview, or otherwise communicate with 911-caller Dobben.

75. That at no time before Grova's arrest did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, establish a prima facie case of Grova's motive, financial or other, that reasonable people could conclude that Grova was guilty of arson.

76. That at no time before Grova's arrest did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, establish with credible evidence a prima facie case that Grova had the opportunity to cause the RV fire, such that reasonable people could conclude that Grova was guilty of arson.

77. That at no time before Grova's arrest did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, establish any credible evidence that Grova had the opportunity to set the RV fire.

78. That at no time before denying Grova's claim did any representative or agent of the Coral Springs Police Department, including but not limited to Officer Savasta, establish any credible evidence that Grova had the opportunity to set the RV fire.

79. On September 11, 2013, by and through its agent, ASIC submitted an affidavit to the CSPD attesting to its willingness to prosecute Grova for insurance fraud, i.e., the Instigation Affidavit."

80. Officer Savasta relied on ASIC's investigation and/or information provided by ASIC agents and representatives for the Complaint Affidavit he executed on August 5, 2013, including but not limited to the Instigation Affidavit, which was approved by CSPD Detective or other Defendant City of Coral Springs agent.

-8-

81.    Officer Savasta relied on ASIC's investigation and/or information provided by ASIC agents and representatives, including but not limited to the Instigation Affidavit, for the Probable Cause Affidavit he executed on September 11, 2013, and which was approved by a CSPD Detective or other Defendant City of Coral Springs agent.

82.    ASIC is a biased entity who receives financial gain by instigating the arrest of claimants and/or otherwise claiming a basis upon which deny insurance claims.

83.    It is not policy, custom, practice, or procedure for CSPD Officers to rely upon insurance companies to do police investigation.

84.    The Complaint Affidavit signed by Officer Savasta on August 5, 2013, was deficient, factually flawed, and facially flawed such as to defeat, minimize, destroy, or otherwise eradicate the existence of probable cause sufficient to substantiate Plaintiff Grova's arrest.

85.    The Probable Cause Affidavit signed by Officer Savasta on September 11, 2013, was deficient, factually flawed, and facially flawed such as to defeat, minimize, destroy, or otherwise eradicate the existence of probable cause sufficient to substantiate Plaintiff Grova's arrest.

## C.  EVIDENCE PRESERVATION AND CHAIN OF CUSTODY POLICIES AND/OR PRACTICES WERE NOT FOLLOWED

86.    Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

87.    Two wrappers from burned and partially-burned Enviro-Logs and the box containing Enviro-Logs [hereafter "Sample Evidence"] were taken from the scene by CSPD Officers.

88.    All Sample Evidence was destroyed by CSPD.

89.    The destruction of the Sample Evidence was in violation of CSPD policy and/or practices.

90.    Destruction of the Sample Evidence deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

91.    No additional Sample Evidence or evidence of any kind was by CSPD.

92.    The failure of CSPD to take additional Sample Evidence or evidence of any kind defeated Plaintiff's ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

93.    Neither the RV or the site of the fire were preserved or otherwise protected from third-parties; in fact the RV was left unattended and both it and the fire scene, a "crime scene,"

were at risk of being tampered with and/or otherwise vulnerable to being accidentally tainted or otherwise destroyed by third parties and outside elements such as rain, wind, etc.

94.   CSPD has a warehouse for the storage of evidence, including evidence as large as the RV.

95.   CSPD, specifically Individual Savasta, and Defendant City of Coral Springs, failed to secure or impound the RV, failed to have an Officer guard the RV or the crime scene, failed to secure the crime scene, and/or otherwise failed to relocate the RV to a CSPD evidence warehouse.

96.   Defendant Savasta, CSPD, and Defendant City of Coral Springs violated policies, procedures, and/or practices by failing to secure the RV and/or impound the RV and/or leaving the RV unattended, failing to secure the crime scene and leaving the crime scene unattended, and/or by otherwise relocating the RV to a CSPD evidence warehouse.

97.   The actions and inactions described in the preceding Paragraph deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

98.   The failure to secure or impound the RV and leaving it unattended, and/or the failure to secure the crime scene and leaving the crime scene unattended, and/or the failure to otherwise relocate the RV to a CSPD evidence warehouse defeated any possibility that probable cause as to who committed the arson could be ever be established.

99.   On the night of the fire, Defendant Officer Savasta took the RV key from Plaintiff Grova, a key Officer Savasta, rightly or wrongly, believed was the only RV key that existed, and used it to open the RV thereby destroying the ability for the key to be tested, by CSPD or anyone else, for any purpose associated with establishing probable cause and/or defeating probable cause (i.e., such as testing the key as to the time of its last use).

100.   Defendant Officer Savasta took the RV key from Plaintiff Grova, a key Officer Savasta, rightly or wrongly, believed was the only RV key that existed, and used it to open the RV, and then returned it to Plaintiff Grova thereby failing to preserve or otherwise protect the chain of custody of said key.

101.   The actions and inactions described in the preceding Paragraph deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

102.   Defendant Savasta, CSPD, and Defendant City of Coral Springs violated policies, procedures, and/or practices by failing to preserve or otherwise protect the RV key.

103.   Defendant Savasta, CSPD, and Defendant City of Coral Springs violated other policies,

procedures, and/or practices not now known which deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

## D. EVALUATION OF PROBABLE CAUSE POLICY OR UNOFFICIAL CUSTOM CAUSED PLAINTIFF CONSTITUTIONAL INJURY

104.   Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

105.   Evaluation of whether there was probable cause and/or whether there was probable cause sufficient to justify the arrest of Plaintiff Grova was not performed by Defendant City of Coral Springs employees and/or was not performed in compliance with established policies, practices, customs, and procedures.

106.   The actions and inactions described in the preceding Paragraph deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

107.   The Defendants and the CSPD violated supervisory policies, procedures, customs, practices, and/or procedures regarding the review and approval of warrants, Probable Cause Affidavit, and other such similar documents.

108.   The actions and inactions described in the preceding Paragraph deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

109.   The Defendants and the CSPD relied upon and/or otherwise initiated a criminal proceeding against a member of the public based upon information provided by an insurance company.

110.   The Defendants and the CSPD relied upon and/or otherwise initiated a criminal proceeding against a member of the public based upon information provided by an insurance company without independent verification of such information.

111.   The actions and inactions described in the preceding Paragraph deprived Plaintiff of the ability to defend himself and thus deprived him of the protection of his constitutional rights and/or was otherwise in violation his protected constitutional rights.

112.   The actions and inactions of the Defendants and the CSPD in relying upon the investigation of an insurance company by which to base an arrest of the member of the public, who was never before arrested, for felony charges are abhorrent and/or otherwise outrageous.

113.   The actions and inactions described in the preceding Paragraph entitle Plaintiff to, *inter alia*, punitive damages.

## E.  THE CITY OF CORAL SPRINGS

114.    Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

115.    At all relevant times, the municipal defendant, City of Coral Springs, staffed its police department with officers, including Defendant Savasta, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to perform as police officers.

116.    At all relevant times, the Defendant City knew, or should have known, that police officers, including Savasta, exhibited deficient adherence to policies and practices and failed to ensure that probable cause existed before depriving members of the public of their constitutional rights.

117.    At all relevant times, the Defendant City hired or retained employees, including the individual Defendant Savasta, who abused their authority.

118.    At all relevant times, the Defendant City hired or retained employees, including the individual Defendant Savasta, who intentionally engaged in treatment of individuals that was irrational, wholly arbitrary, and in pursuit of personal or political goals.

119.    At all relevant times, the Defendant City knew, or should have known, that staffing a municipality with employees, including Defendant Savasta, who were unsupervised, undisciplined, inadequately trained, and wholly unsuited to interact with the public would pose an excessive risk that members of the public would be subjected to deprivation and violation of constitutional rights.

120.    At all relevant times, the Defendant City knew, or should have known, that staffing a municipality with employees, including the individual Defendant Savasta, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to interact with the public would pose an excessive risk of members of the public's deprivation and violation of constitutional rights.

121.    At all relevant times, the Defendants City knew, or should have known, that failing or refusing to take corrective measures against employees, including the individual Defendant Savasta, who retaliated acted arbitrarily and in furtherance of personal or political gain, or who were undisciplined, inadequately trained and unsuited to engage the general public would result in repeated incidents of violations of individual rights protected by the constitution, statutory, and common law.

122.    At all relevant times, the Defendant City failed to adopt policies or procedures that would have prevented the violations of individual rights alleged herein, including but not limited to additional training and supervision and/or otherwise failed to ensure employees' adherence to existing policies and procedures which adherence thereto would have prevented the violations of individual rights alleged herein.

123. At all relevant times, the Defendant City failed to adopt official policies or procedures and/ or adhered to an unofficial custom that caused the Plaintiff constitutional injury.

**VI. CLAIM FOR RELIEF:**
**42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth and Fourteenth Amendments**

124. Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

125. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit inequity, or other appropriate proceeding for redress . . .

126. Plaintiff in this action is a citizen of the United States and the individual police officer Defendant to this claim and the City of Coral Springs are persons for purposes of 42 U.S.C. § 1983.

127. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Coral Springs Police Officers and their acts or omissions were conducted within the scope of their official duties or employment.

128. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

129. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

130. The Individual Defendant Savasta and the Coral Springs Police Department violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

131. Any reasonable police officer knew or should have known of these rights at the time of the complained.

132. The Individual Defendant and the CSPD conspired and/or acted in concert to institute, procure, and continue a criminal proceeding for felonious arson and insurance fraud against th Plaintiff without probable cause.

133. Defendants and the CSPD engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

134. The procurement of prosecution against Plaintiff for the known to be false allegations of arson and insurance fraud were malicious, shocking, and objectively unreasonable in the light of the circumstances.

135. Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dropped the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

136. The acts or omissions of all individual Defendants and the CSPD were moving forces behind Plaintiff's injuries.

137. These Defendants and the CSPD acted in concert and joint action with each other.

138. The acts or omissions of the Defendants and the CSPD as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

139. Defendants are not entitled to qualified immunity for the complained of conduct.

140. The Defendants and the CSPD at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, and/or practice in their actions pertaining to Plaintiff.

141. As a proximate result of Defendants' and the CSPD's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' and the CSPD's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

142. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequella of his slandered reputation, in amounts to be ascertained in trial.  Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

143. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42

-14-

U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

144. As a direct and proximate result of the unlawful policies and acts of the Defendants described herein, the Plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

145. The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, **PLAINTIFF**, **STEVEN M. GROVA,** demands judgment against the **DEFENDANTS** for damages, including but not limited to reasonable attorney's fees and costs, pre and post judgment interest, punitive and compensatory damages, and for all such other and further relief as the Court deems just and proper.

## VII. CLAIM FOR RELIEF:
### Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981

146. Plaintiff re-alleges and re-avers the preceding Paragraphs as if set forth in full herein.

147. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress...

148. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

149. The Defendants and the CSPD at all times relevant hereto were acting under the color of state law.

150. Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a.    the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

    b.    the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

    c.    the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

    d.    the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and,

    e.    the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

151. Defendant Savasta and Defendant City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

152. The acts or omissions of these Defendants and the CSPD, as described herein, deprived the Plaintiff of his constitutional and statutory rights and caused him other damages.

153. The acts or omissions of Defendants and the CSPD as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

154. Defendants are not entitled to qualified immunity for the complained of conduct.

155. The Defendant City of Coral Springs was, at all times relevant, a policymaker for the City of Coral Springs and the Coral Springs Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

156. The Defendants and the CSPD developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

157. The Defendants and the CSPD have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or

supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

158.   In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

159.   The deliberately indifferent training and supervision provided by the Defendant City and the CSPD resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendants and the CSPD and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

160.   As a direct result of Defendants' and the CSPD's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

161.   As a further result of the Defendants' and the CSPD's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

162.   Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequella, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

163.   Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities.

164.   Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Internal Affairs Bureau of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

   **WHEREFORE**, **PLAINTIFF**, **STEVEN M. GROVA,** demands judgment against the **DEFENDANTS** for damages, including but not limited to reasonable attorney's fees and costs, pre

and post judgment interest, punitive and compensatory damages, and for all such other and further relief as the Court deems just and proper.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A.   compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B.   economic losses on all claims allowed by law;

C.   special damages in an amount to be determined at trial;

D.   punitive damages on all claims allowed by law against individual Defendants and all Defendants and in an amount to be determined at trial;

E.   attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F.   pre- and post-judgment interest at the lawful rate;

G.   expungement and certified proof of the expungement of Grova's criminal records associated with the January 18, 2013, fire; and

H.   all other further relief that this court deems just and proper, and any other appropriate relief at law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

/s/ MICHAEL LAPAT

_____
Michael Lapat (Florida Bar No. 0020524)
Email: lapat@lapatlaw.com
LAW OFFICES OF MICHAEL LAPAT
3300 University Drive, Suite 311
Coral Springs, Florida 33071
Phone: (954) 345-6442
Facsimile: (954) 344-0288
Attorney for Plaintiff Steven M. Grova